IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| SANYA T. HART,<br><br>                                        Plaintiff,<br><br>v.<br><br>COMMUNITY GROUP, INC. and BRAD BRADY,<br><br>                                     Defendants. | Action No. 3:08–CV–175 |

MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Dismiss by Community Group, Inc. and Brad Brady, a vice-president of Community Group. For the reasons stated below, the Court will GRANT the Motion to Dismiss and dismiss Sanya Hart's Complaint.

1. Background

Hart was employed by Community Group, a for-profit company, from May 9, 2005 to October 1, 2006, serving as a Member Services Representative and an Account Associate. On September 22, 2006, during an office ice-cream social, Brady said to Hart, "Sanya, you look like you know what you are doing with that whipped cream. You look like you use that all the time." Hart complained about Brady's comment to Michelle Woody, the director of human resources at Community Group. Several days later, on

October 1, 2006, Woody told Hart that her employment was being terminated because of the quality of her work.[1]

Hart filed suit in the Circuit Court for the City of Richmond, alleging that she was fired in retaliation for complaining about Brady's offensive statement, in violation of Title VII of the Civil Rights Act of 1964. Community Group timely removed the suit to this Court, pursuant to 28 U.S.C. §§ 1331 and 1441, and asks the Court to dismiss Hart's claim for failing to state a cognizable claim, arguing that Hart's complaint to Woody is not protected by Title VII and that Brady cannot be held liable individually under Title VII.

2.  Standard of review

A motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, not the facts supporting it. Conley v. Gibson, 355 U.S. 41, 45–46 (1957); see Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). Thus, in ruling on a Rule 12(b)(6) motion, a court must regard as true all of the factual allegations in the complaint, Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007), as well as any facts that could be proved that are consistent with those allegations, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and view those facts in the light most favorable to the plaintiff, Christopher v. Harbury, 536 U.S. 403, 406 (2002). But, the court does not have to accept legal conclusions that are couched as factual allegations. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007) (stating that "a formulaic recitation of the elements of a cause of action" is not sufficient). The court may

---

[1] Hart alleges that she had not received any unsatisfactory performance evaluations before she was fired.

grant a Rule 12(b)(6) motion only if it "appears beyond doubt" that the party bringing the claim cannot prove any facts that would entitle it to relief. Conley, 355 U.S. at 46; accord Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002).

3.   Discussion

   A.   Hart's claim against Community Group

To show that an employer violated Title VII, an employee must (1) provide direct or circumstantial evidence that the employer discriminated against her, or (2) show that the employer's purported basis for taking an adverse action against her was merely a pretext for discrimination. Holland v. Washington Homes, Inc., 487 F.3d 208, 213–14, 218 (4th Cir. 2007) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and applying that framework to a claim of retaliatory discharge). Since Hart does not offer direct or circumstantial evidence that Community Group discriminated against her, the Court will analyze her claim according to the other prong of the McDonnell Douglas test.

To show that an employer's reason for acting was pretextual, the employee must establish a prima facie case of discrimination. Holland, 487 F.3d at 214. To do so, a party must show that (1) she was engaged in a protected activity; (2) her employer acted adversely against her – e.g., terminated her employment; and (3) the employer took the adverse action because the party engaged in a protected activity. Id. The defendants do not contest that Hart was terminated, nor do they challenge in any meaningful way Hart's claim that her employment was terminated because she complained about Brady's

comment. Thus, the issue for the Court to decide is whether Hart's complaint was a protected activity.

Title VII protects opposition to an unlawful employment action, 42 U.S.C. § 2000e–3(a), as well as an action that an employee "reasonably believes to be unlawful," Jordan v. Alternative Res. Corp., 458 F.3d 332, 338 (4th Cir. 2006). Unlawful employment actions include those that discriminate against a person with respect to the terms, conditions, or privileges of her employment on the basis of her sex. See id. at 339 (discussing a claim of discrimination on the basis of race); see also EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 406 (4th Cir. 2005) (stating that "voicing one's own opinions in order to bring attention to an employer's discriminatory activities" and "complain[ing] about suspected violations" are protected) (internal punctuation omitted). Whether an employee's belief that a practice is unlawful is subject to an objective standard. Jordan, 458 F.3d at 332; see   Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 271 (2001) (per curiam) (applying a "reasonable person" standard to this question). Thus, the Court must determine whether Brady's comment was unlawful, or whether Hart reasonably believed that it was unlawful.

    1.    Brady's comment does not violate Title VII

Under Title VII, it is unlawful for an employer to discharge a person or "otherwise to discriminate against [her] with respect to [her] ... terms, conditions, or privileges of employment" because of her sex. 42 U.S.C. § 2000e–3(a). But, Title VII forbids sexual harassment "only if it is so severe or pervasive [that it] alter[s] the conditions of the victim's

employment and create[s] an abusive working environment." Breeden, 532 U.S. at 270 (internal punctuation omitted); see Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998) (stating that Title VII is not "a general civility code" and "does not prohibit all verbal ... harassment in the workplace."). Whether the environment of a workplace is sufficiently hostile or abusive depends on "all of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Breeden, 532 U.S. at 270–71 (internal punctuation omitted). But, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" Id. at 271.

Accordingly, in Breeden a female employee – Breeden – was reviewing job applications with her supervisor and another male employee. Id. at 269. A report included with one of the applications stated that the applicant once said to a co-worker, "I hear that making love to you is like making love to the Grand Canyon." Id. The supervisor – looking at Breeden – said, "I don't know what that means." Id. The other employee said, "Well, I'll tell you later." Id. Breeden complained about the exchange, but the Supreme Court ruled that "no one could reasonably believe that the incident ... violated Title VII," noting that "at worst" the comment was an "isolated incident" that was not "extremely serious." Id. at 270–71. See also, e.g., Jordan, 458 F.3d at 339–40 (concluding that a single racist remark did not create a hostile work environment).

Here, Hart alleges that Brady made a single offensive remark on a single occasion. Assuming, without deciding, that Brady's comment was offensive – a judgment about a person's ability to use whipped cream does not necessarily have a sexual connotation – the comment was not an "extremely serious" incident. At worst, it constituted "simple teasing" and an "offhand comment." Accordingly, Brady's comment does not violate Title VII.

        2.     Hart did not reasonably believe that Brady's comment violated Title VII

Since Brady's comment was lawful, Hart's claim may proceed only if she reasonably believed that it was unlawful.[2] A party may believe reasonably – but incorrectly – that her employer's conduct was unlawful. See, e.g., Darveau v. Detecon, Inc., 515 F.3d 334, 340–41 (4th Cir. 2008) (ruling that a party who alleged that his employer retaliated against him for filing a claim for overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 207,[3] alleged facts showing that he reasonably believed that his employer unlawfully failed to pay him overtime – even though the court rejected the employee's claim – because the size, structure, and nature of his employer's business "complicate[d] the application of the key terms of the FLSA[]" to the dispute); Navy Fed. Credit Union, 424 F.3d at 407 (ruling that an employee reasonably believed that his employer's activity was unlawful, even

---

[2] Hart does not allege that she was terminated for opposing any other unlawful employment action.

[3] A claim for retaliation under the Fair Labor Standards Act is governed by the same standard that applies in this matter.

though the activity did not yet constitute a violation of Title VII, noting that the employer "had set in motion a plan" that "if accomplished, would have resulted in a Title VII violation"). But, an employee who witnesses an isolated incident is not warranted in believing that her employer is engaged in unlawful activity. See Jordan, 458 F.3d at 340–41 (ruling that an employee who witnessed another employee utter a racial slur at a person on television did not reasonably believe that the slur was unlawful, given that the comment was isolated and rhetorical).

Hart's claim, in contrast to the dispute in Darveau, does not involve any difficult questions regarding the interpretation or application of the law. Thus, the fact that her belief was incorrect suggests that the belief was not reasonable. And, unlike the plaintiff in Navy Federal Credit Union, Hart does not allege that Brady's remark signaled a plan by Community Group to create a hostile working environment – a plan that had not yet been implemented fully. Thus, her belief that Brady's conduct was unlawful cannot be justified on the grounds that unlawful activity was incipient. See Jordan, 458 F.3d at 341 (refusing to assume, without allegations to the contrary, that challenged conduct "will continue or will be repeated unabated"). And, even though Brady's remark was directed at Hart, not rhetorically at an absent third party, as in Jordan, Hart does not allege or that Brady (or any other employee of Community Group) made any other offensive comments during the sixteen months that she was employed by the company. In fact, Hart does not contend that Brady's comment was anything other than a single, isolated incident. Thus, according to

Jordan, she could not reasonably have believed that the comment constituted a violation of Title VII.

Since Brady's comment did not violate Title VII and Hart could not reasonably have believed that it did so, the Court will GRANT Community Group's Motion to Dismiss and DISMISS Hart's claim against Community Group.

B. Hart's claim against Brady

Hart also argues that Brady is individually liable for his remark. But, "supervisors are not liable in their individual capacities for Title VII violations." Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180–81 (4th Cir. 1998); accord Jones v. Tyson Foods, Inc., 378 F. Supp. 2d 705, 708 (E.D. Va. 2004) (noting that Lissau overruled Paroline v. Unisys Corp., 879 F.2d 100 (4th Cir. 1989), which held a supervisor individually liable under Title VII). Hart apparently concedes this point. See Pl.'s Mem. Opp. Def.'s Mot. to Dismiss at 2 ("Plaintiff does not contest Defendant Brady's Motion to Dismiss"). Thus, the Court will GRANT Brady's Motion to Dismiss and DISMISS Hart's claim against him.

4. Conclusion

For the reasons stated above, the Court will GRANT the defendants' Motion to Dismiss and DISMISS Hart's Complaint. Let the Clerk send a copy of this Order to all counsel of record. It is SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this  28th  day of April 2008